# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

John E. Harvey,

      Plaintiff

v.

Torrent Leasing Inc. and U.S. Bank, N.A.,

      Defendants

Case No.: 2:25-cv-00824-JAD-DJA

**Order Denying Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction**

[ECF Nos. 3, 4]

Pro se plaintiff John E. Harvey comes to federal court in his second attempt to stop Torrent Leasing Inc. and U.S. Bank, N.A. from garnishing funds held in his Nevada-based bank account to satisfy a judgment entered against him in an Illinois state court. He initiated this action by filing a motion for leave to proceed *in forma pauperis* and attached his complaint and an "emergency motion for temporary restraining order and preliminary injunction."[1] His complaint awaits screening by the magistrate judge under 28 U.S.C. § 1915a. Because his TRO motion does not entitle him to any immediate relief, I deny it.

## Background

Harvey alleges that defendant Torrent Leasing "obtained a judgment against [him] in the Circuit Court of DuPage County, Illinois," on May 20, 2024, and commenced enforcement efforts in Nevada, "resulting in the freezing of [Harvey's] personal and business bank accounts

---

[1] ECF Nos. 1, 1-1, 3, 4. Harvey's motions for a TRO and preliminary injunction are identical. *See* ECF Nos. 3 & 4. The motion was docketed twice in accordance with Local Rule IC 2-2(b), which requires that, "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." I cite to the TRO motion, docketed as ECF No. 3, throughout this order.

1    by U.S. Bank."[2]  Based on his understanding that Torrent had not domesticated the judgment as

2    required under Nevada Revised Statutes (NRS) 17.330 et seq., Harvey filed a "Motion to Quash

3    Improper Levy and Petition for Declaratory Relief" in the Nevada state court.[3]  He then filed an

4    "emergency motion for temporary stay of enforcement" pending a ruling on his motion to quash,

5    which the state court granted, finding that NRS 17.350 required Torrent to domesticate the

6    Illinois judgment before enforcing it in Nevada.[4]

7         But Torrent then filed a countermotion to dissolve the TRO and the Nevada court granted

8    it, holding that "the situs of a deposit account is immaterial, and a court with jurisdiction over the

9    garnishee can lawfully garnish accounts regardless of the account's physical location."[5]  Because

10   Torrent demonstrated that "the Illinois Circuit Court had personal and subject matter jurisdiction

11   over the garnishment action" and "satisfied the requirements under both Illinois statutory law

12   and applicable conflict-of-law principles for valid garnishment of [Harvey's] U.S. Bank

13   account," the Nevada court dissolved the TRO and denied Harvey's emergency motion for a

14   TRO pending ruling on the motion to quash.[6]  According to Harvey, his motion to quash remains

15   pending.

16        Harvey contends that any continued enforcement of the Illinois judgment "violates NRS

17   17.350 and due process."[7]  He also alleges that the Nevada court's "fail[ure] to act on the

18

19   ───────────────
     [2] ECF No. 1-1 at 2, ¶¶ 6, 8.

20   [3] *Id.* at 2, ¶¶ 7, 9; ECF No. 3 at 17–22.

21   [4] ECF No. 3 at 13–15 (*Harvey v. Torrent Leasing*, Case No. A-25-915353-C (Eighth Jud. Dist. Ct.)).

22   [5] *Id.* at 32 (minute order of ruling).

23   [6] *Id.* (first citing *Pac. W. Bank v. Eighth Jud. Dist. Ct.*, 383 P.3d 252, 255 (Nev. 2016), then citing *Park v. Townson & Alexander, Inc.*, 679 N.E.2d 107 (Ill. App. 1997)).

     [7] *Id.* at 2.

uncontested motion to quash[] amount[s] to a denial of due process."[8]  He seeks an order temporarily restraining Torrent and U.S. Bank from "taking any enforcement action in the State of Nevada," declaring that Torrent's prior enforcement actions were unconstitutional and procedurally invalid, and barring Torrent from enforcing the Illinois judgment "unless and until it fully complies with Nevada domestication law."[9]  Harvey asserts that this matter is urgent because "a turnover of funds is scheduled for May 15, 2025."[10]

## Discussion

**A.    To prevail on a TRO motion, the plaintiff must show that he is entitled to such relief under the *Winter* factors.**

TROs and preliminary injunctions are "extraordinary" remedies "never awarded as of right."[11]  The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that, to obtain an injunction, the plaintiff "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest."[12]  The Ninth Circuit recognizes an additional standard: if the "plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a

---

[8] *Id.* at 3.  It's unclear if that motion to quash (which appears to be the Nevada state-court case's initiating document) is truly uncontested.  The docket reflects that U.S. Bank filed a motion to dismiss this action.  *See Harvey v. Torrent Leasing*, Case No. A-25-915353-C, docket entry 27.

[9] *Id.* at 4.

[10] *Id.* at 2.

[11] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

[12] *Id.* at 20.

preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."[13]

**B.      Harvey has not established irreparable harm for his NRS 17.350 claim.**

Assuming that Harvey can meet his burden to show that he is likely to succeed on his contention that Torrent cannot garnish his accounts without first complying with NRS 17.350, he has not demonstrated irreparable harm. "Purely economic harms are generally not irreparable, as money lost may be recovered later, in the ordinary course of litigation."[14]  And the party seeking an injunction must "establish that remedies available at law, such as monetary damages, are inadequate to compensate" for the injury.[15]  Although Harvey offers the conclusory allegation that, "once [his] funds are turned over, no adequate remedy at law exists to restore the property or correct the violation,"[16] he does not explain why monetary damages would not suffice to compensate for any harm caused if Torrent and U.S. Bank improperly seize funds from his bank account.  Because Harvey has not established that an erroneous seizure of his money will cause irreparable harm, he is not entitled to a TRO or preliminary injunction for his NRS 17.350 claim.

**C.      Harvey has not demonstrated that he is likely to succeed on the merits of his due-process claims.**

Harvey has also not shown that his due-process claim related to the Nevada court's decision dissolving the TRO has merit.  Due process requires that a state-court plaintiff receive a

---

[13] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

[14] *Idaho v. Coeur d'Alene Tribe*, 794 F.3d 1039, 1046 (9th Cir. 2015) (citing *Sampson v. Murray*, 415 U.S. 61, 61–62 (1974)).

[15] *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006); *see also Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013).

[16] ECF No. 3 at 3.

"full and fair opportunity to litigate the merits" of his claims.[17]  "[N]o single model of procedural fairness, let alone a particular form of procedure, is dictated by" the due-process clause.[18] Harvey's suggestion that the Nevada court's "unexplained reversal" of its order granting his TRO motion "raises serious concerns about the impartiality of the proceedings" is not supported by the record or any legal argument.[19]  Indeed, it appears that the Nevada court granted Harvey's TRO without awaiting a response from the defendants but, when the defendants did appear, they raised arguments that the court hadn't considered when deciding the issue the first time.[20]  The Nevada court explained the reason for its reversal, citing new law supporting the proposition that the location of the to-be-garnished bank account was not relevant under these circumstances.[21] Harvey has failed to demonstrate that this determination was wrong, that the court deprived Harvey of the opportunity to be heard on this issue, or that the court's decision was motivated by partiality or unfairness.

Nor can I conclude that Harvey is likely to succeed on his contention that the Nevada court's failure to rule on his motion to quash by this point violates his due-process rights. That case-initiating motion was filed less than two months ago, and the Nevada court has ruled on various other emergency motions in Harvey's case, albeit through some rulings that Harvey disagrees with.  His contention that the court's choice to rule on TRO-related motions before ruling on his motion to quash "represents a procedural strategy to permit enforcement without

---

[17] *See Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 485 (1982).

[18] *Id.*

[19] ECF No. 3 at 5.

[20] *See id.* at 13–14, 32.

[21] *Id.* at 32.

resolving the core legal dispute"[22] conflicts with how cases travel through the court system.  And Harvey doesn't establish that the Nevada court intends to avoid ruling on his motions in due course or that it is likely to make any rulings in a manner that violates Harvey's rights.  Based on this record, I cannot conclude that the Nevada court has violated Harvey's due-process rights by not yet ruling on his motion to quash.

This court also has doubts about the propriety of interfering with the ongoing proceedings in the Nevada and Illinois state courts.  A federal court "must abstain to avoid interference in a state-court civil action" if the ongoing state proceedings implicate important state interests and the federal plaintiff is able to litigate his federal claims in the state proceedings.[23]  I am not yet convinced that, in the face of ongoing proceedings on this issue in two state courts, this court should endeavor to consider issues that are being heard in those forums.  So, because Harvey has not shown a likelihood of success on the merits of his due-process arguments, has not established irreparable harm on his NRS 17.350 claim, and has not persuaded this court that it should get involved in active, prior-filed, state-court litigation, I deny his emergency motion for a TRO and preliminary injunction.

---

[22] *Id.* at 3.

[23] *M&A Gabaee v. Cmty. Redev. Agency*, 419 F.3d 1036, 1039 (9th Cir. 2005) (citations omitted); *see also Younger v. Harris*, 401 U.S. 37, 43 (1971) ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."); *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (explaining that federal district courts are barred from exercising jurisdiction over de facto appeals of state-court judgments).

**Conclusion**

IT IS THEREFORE ORDERED that John Harvey's emergency motions for a TRO and preliminary injunction **[ECF Nos. 3 & 4] are DENIED.** Harvey's complaint will be screened by the magistrate judge in due course before this case may proceed further. Screening will take several months.

_____
U.S. District Judge Jennifer A. Dorsey
May 14, 2025

7