UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

John E. Harvey,

    Plaintiff

v.

Torrent Leasing Inc. and U.S. Bank, N.A.,

    Defendants

Case No.: 2:25-cv-00824-JAD-DJA

**Order Denying Plaintiff's Motion for Judicial Notice**

[ECF Nos. 38, 40]

    Pro se plaintiff John E. Harvey brings this action to stop Torrent Leasing Inc. and U.S. Bank, N.A. from garnishing funds held in his Nevada-based bank account to satisfy a judgment entered against him in an Illinois state court.  U.S. Bank has filed a motion to dismiss, which remains pending in this court's long queue of dispositive motions,[1] along with a motion to stay.[2] In the meantime, Harvey has filed a "Motion for Judicial Notice of Adjudicative Facts Establishing Systematic Judicial Favoritism and Coordinated Constitutional Conspiracy,"[3] along with a supplement and errata to that motion and a separate motion to file another supplemental brief in support of it.[4]

    "Judicial notice" does not mean what Harvey thinks it means.  "Judicial notice" is a legal term of art, and it does not mean that a litigant just wants the court to accept as "fact" his version of disputed events and theories.  Federal Rule of Evidence 201 permits the court to take judicial notice of an adjudicative fact that is "not subject to reasonable dispute" because it is either

---

[1] ECF No. 23.
[2] ECF No. 17.
[3] ECF No. 38.
[4] ECF Nos. 39, 40, 41.

"generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[5] For example, a party could ask the court to take judicial notice that Christmas Day in 2019 fell on a Wednesday.

Harvey has offered nothing that this court can properly take judicial notice of under the Rules of Evidence. As the "introduction" to his motion explains, he wants this court to consider "irrefutable mathematical proof of systematic judicial corruption that U.S. Bank deliberately exploited to conceal illegal conduct and eliminate constitutional challenges, a coordinated conspiracy that violates due process, equal protection, and federal civil rights laws with mathematical impossibility probability of occurring by chance."[6] Some of the specific "facts" that he wants the court to take judicial notice of include:

- "FACT 13: Michael B. Wixom of Smith Larsen & Wixom is a Harper Selim shadow attorney, establishing the coordinated network of attorneys operating through systematic judicial favoritism while maintaining plausible deniability through selective concealment."[7]

- "FACT 17: Court records show Harper Selim shadow attorneys systematically avoided official court appearances in multiple cases, keeping their involvement off official docket records while maintaining strategic control over proceedings through concealed influence operations. . . ."[8]

- "FACT 27: U.S. Bank has maintained 'deafening silence' regarding the systemic favoritism evidence, refusing to address documented federal court fraud or respond to settlement demands—conduct constituting admission under FRCP 8(b)(6)."[9]

---

[5] Fed. R. Evid. 201(b)(1), (2); *accord U.S. v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994).
[6] ECF No. 38 at 1.
[7] *Id*. at 8.
[8] *Id*.
[9] *Id*. at 10.

**This is not a proper use of judicial notice**, so the motion to take judicial notice and to file a supplement in support of it are both denied. Harvey is cautioned not to utilize a motion for judicial notice to make arguments to the court.

Harvey is also cautioned that litigants may not file supplemental briefs without prior leave of court. This court's local rules authorize the filing of only one motion, one response, and one reply brief on a single issue; they do not authorize the filing of supplements.[10] So a litigant must get permission from the court—"leave of court"—**before** a supplement can be filed. Local Rule 7-2(g) expressly states that "A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause. The judge may strike supplemental filings made without leave of court."[11] This includes "notices" that advise the court of, or clarify, something related to a pending motion. Such supplementation is rarely appropriate or allowed because it prolongs the briefing process indefinitely and usurps the court's limited resources. So this court will not consider supplemental materials that were filed in this case without leave of court, and future supplements filed without leave of court will be struck from the docket without prior warning.

IT IS THEREFORE ORDERED that the motion for judicial notice and the motion to supplement that motion **[ECF Nos. 38, 40] are DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
October 9, 2025

---

[10] *See* L.R. 7-2.
[11] L.R. 7-2(g).