# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

John Harvey,

    Plaintiff

v.

Torrent Leasing, Inc. and U.S. Bank, N.A.,

    Defendants

Case No.: 2:25-cv-00824-JAD-DJA

**Order Granting Motion to Dismiss
and Closing Case**

[ECF Nos. 17, 23]

    John Harvey sues Torrent Leasing Inc. and U.S. Bank, N.A. to stop them from garnishing his Nevada-based bank account to satisfy an Illinois state-court judgment.[1] But Harvey's complaint is based on 42 U.S.C. § 1983, which does not apply to private actors, and state-law claims.[2] U.S. Bank thus moves to dismiss it, arguing that it is a private actor that can't be sued under § 1983 and that the court should decline to retain federal jurisdiction over Harvey's remaining state-law claims.[3] Harvey attempts to rescue his § 1983 claim by asserting that Torrent Leasing and U.S. Bank conspired with a state actor.[4] But neither his allegations nor the documents attached to Harvey's complaint support his theory or confer jurisdiction over his state-law claims in this court, so I grant U.S. Bank's motion, dismiss Harvey's complaint, and close this case.

---

[1] *See generally* ECF No. 9.

[2] *See id.*

[3] *See* ECF No. 23.

[4] *See* ECF No. 30.

**Discussion**

Federal pleading standards require a plaintiff's complaint to include enough factual detail to "state a claim to relief that is plausible on its face."[5]  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation";[6] a plaintiff must make direct or inferential factual allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[7]  A complaint that fails to meet this standard must be dismissed.[8]

Because Harvey is an unrepresented litigant, this court must liberally construe his arguments.[9]  Still, dismissal of a complaint is appropriate if it appears beyond a doubt that he "can prove no set of facts in support of his claim which would entitle him to relief"[10] or if the allegations in the complaint or extrinsic evidence show that this court lacks subject-matter jurisdiction.[11]

**A.    Harvey's § 1983 claim must be dismissed because the defendants are not state actors.**

Harvey's anchor for federal jurisdiction is a § 1983 claim alleging that Torrent Leasing and U.S. Bank "deprived [him] of exempt property without notice or hearing in violation of

---

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

[8] *Id.* at 570.

[9] *Ortez v. Wash. Cnty.*, 88 F.3d 804, 807 (9th Cir. 1996); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (unrepresented litigants "must be held to less stringent standards than formal pleadings drafted by lawyers").

[10] *Ortez*, 88 F.3d at 807.

[11] *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

federal due process guarantees."[12]  But § 1983 authorizes a federal lawsuit only against state

actors and persons "act[ing] under color of state law."[13]  So U.S. Bank naturally moves to

dismiss this claim, pointing out that it is a private corporation and not a state actor.[14]  Tacitly

recognizing this fatal problem in his response brief, Harvey theorizes that Torrent Leasing and

U.S. Bank engaged in joint action with a state actor when they appeared before a state-court

judge.[15]  This theory falls short of saving this claim.

A plaintiff may sue a private party under § 1983 if that party engaged in joint action with

a state actor.[16]  "A plaintiff can show joint action either 'by proving the existence of a conspiracy

or by showing that the private party was a willful participant in joint action with the State or its

agents.'"[17]  To allege a conspiracy, the plaintiff must first show "an agreement or 'meeting of the

minds' to violate constitutional rights.'"[18]  Under the willful-participant approach, "joint action

exists when the state has 'so far insinuated itself into a position of interdependence with [the

private entity] that it must be recognized as a joint participant in the challenged activity.'"[19]  "In

---

[12] ECF No. 9 at 4–5 (citing 42 U.S.C. § 1983).

[13] *See* 42 U.S.C. § 1983; *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999)) ("The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the [government]?").

[14] ECF No. 23 at 5.

[15] ECF No. 30 at 9.

[16] *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980).

[17] *O'Handley v. Weber*, 62 F.4th 1145, 1159 (9th Cir. 2023) (quoting *Tsao v. Desert Palace*, 698 F.3d 1128, 1140 (9th Cir. 2012)).

[18] *Id.* (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989)).

[19] *Tsao*, 698 F.3d at 1140 (quoting *Gorenc v. Salt River Project Agric. Improvement & Power Dist.*, 869 F.2d 503, 507 (9th Cir. 1989)).

3

1 other words, joint action is present when the [s]tate 'significantly involves itself in the private

2 parties' actions and decisionmaking' in a 'complex and deeply intertwined process.'"[20]  "This

3 test is intentionally demanding and requires a high degree of cooperation between private parties

4 and state officials to rise to the level of state action."[21]

5     Harvey argues that the defendants conspired with an Illinois state-court judge because

6 their appearance and conduct before that judge shows "beyond any doubt" "strategic

7 coordination with Illinois officials to circumvent Nevada's constitutional protections."[22]  Harvey

8 cites *Dennis v. Sparks* in support, in which the United States Supreme Court allowed a § 1983

9 claim to proceed against private litigants because the parties conspired with a judge to exchange

10 bribes for an injunction.[23]  But as the *Dennis* court acknowledged, "merely resorting to the courts

11 and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor

12 with the judge."[24]  And the "verified smoking gun"[25] transcript that Harvey attached to his

13 complaint shows only that U.S. Bank and Torrent Leasing appeared in a typical court

14 proceeding.[26]  Nothing in the transcript remotely suggests a conspiracy or joint action like in

15 *Dennis*.  So Harvey cannot demonstrate that the defendants are state actors capable of being sued

16

17

18

---

19 [20] *O'Handley*, 62 F.4th at 1159 (quoting *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 753 (9th Cir. 2020)).

20 [21] *Id.* at 1159–60 (citing *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002)).

21 [22] ECF No. 30 at 9.

[23] *Dennis*, 449 U.S. at 27–28.

22 [24] *Id.* at 28.

23 [25] ECF No. 30 at 11.

[26] *See* ECF No. 9-2 at 45–60.

1   under § 1983.  I thus dismiss Harvey's § 1983 claim against U.S. Bank because it is a private

2   actor and Harvey's "smoking gun" does not show joint action.[27]

3   **B.       This court declines supplemental jurisdiction over the remaining state-law claims.**

4          The only claims Harvey asserts other than his § 1983 claim are state-law claims that—

5   without exercising supplemental jurisdiction—this court lacks subject-matter jurisdiction over.[28]

6   U.S. Bank argues that this court should decline supplemental jurisdiction over these claims

7   because Harvey's "state-law claims predominate over the federal due-process claim."[29]  Harvey

8   responds with the conclusory argument that his federal claim of a "coordinated constitutional

9   conspiracy creates the common nucleus that supports" his state-law claims and "federal

10  constitutional violations predominate over state-law claims."[30]

11         A federal district court may exercise supplemental jurisdiction "over all other claims that

12  are so related" to the claims over which the court has original jurisdiction "that they form part of

13  _____

14  [27] Harvey seems to characterize his "retaliatory conduct and threats" claims as a First
    Amendment claim in his response brief.  If so, that claim fails for the same reason.  *Children's*
    *Health Def. v. Meta Platforms, Inc.*, 112 F.4th 742, 763 (9th Cir. 2024) (noting that a plaintiff's
15  "inability to establish state action is fatal to all of its First Amendment claims").

16  [28] *See generally* ECF No. 9.  Although neither party addresses diversity jurisdiction, Harvey's
    operative complaint cannot trigger diversity jurisdiction.  A plaintiff properly pleads diversity
17  jurisdiction if he alleges diversity of citizenship and an amount in controversy exceeding
    $75,000.  *See, e.g.*, *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1173 (9th Cir. 2025)
18  (citing 28 U.S.C. § 1332(a)).  "The party seeking to invoke the district court's diversity
    jurisdiction always bears the burden of both pleading and proving diversity jurisdiction."
19  *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016).  And "a complaint must
    include allegations of both the state of incorporation and the principal place of business of
20  corporate parties."  *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012).  Although Harvey alleges
    that he is a Nevada resident, he only insufficiently pled that Torrent Leasing is a "foreign
21  creditor" and U.S. Bank is a "national bank" doing business in Nevada and Illinois.  ECF No. 9
    at 2.  Likewise, as U.S. Bank argues, Harvey's declaratory relief claim does not confer federal-
22  question jurisdiction as a matter of law.  *Cal. Shock Trauma Air Rescue v. State Comp. Ins.*
    *Fund*, 636 F.3d 538, 543 (9th Cir. 2011).

23  [29] ECF No. 23 at 4 (cleaned up).

    [30] ECF No. 30 at 15 (cleaned up).

1  the same case or controversy under Article III of the United States Constitution."[31]  This means

2  that this court has jurisdiction over state-law claims that are part of the same case or controversy

3  as the jurisdiction-conferring federal-law claims.  But supplemental jurisdiction does not attach if

4  the federal claim was "absolutely devoid of merit or obviously frivolous."[32]  And the

5  supplemental jurisdiction statue, 28 U.S.C. § 1367, permits a court to "decline to exercise

6  supplemental jurisdiction over a claim" if "(1) the claim raises a novel or complex issue of state

7  law, (2) the claim substantially predominates over the claim or claims over which the district

8  court has original jurisdiction, (3) the district court has dismissed all claims over which it has

9  original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for

10  declining jurisdiction."[33]  "When deciding whether to exercise supplemental jurisdiction" under

11  this statute, "a federal court should consider and weigh in each case, and at every stage of the

12  litigation, the values of judicial economy, convenience, fairness, and comity."[34]

13      Harvey's § 1983 claim against these defendants is plainly devoid of merit and cannot

14  serve as a basis for supplemental jurisdiction.  Torrent Leasing and U.S. Bank are

15  unquestionably private actors and *Dennis*—the very case Harvey relies on—explicitly disproves

16  his own joint-action theory.  Courts also routinely refuse to find a federal question based on a

17  meritless § 1983 claim.[35]

18

19

---

20  [31] 28 U.S.C. § 1367(a).

21  [32] *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995).

[33] 28 U.S.C. § 1367(c) (cleaned up).

22  [34] *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 523, 534 (1997) (cleaned up).

23  [35] *See, e.g., Freeman v. King Cnty. Superior Ct.*, 2013 WL 11319011, at *6 (W.D. Wash. June 21, 2013), *aff'd,* 599 F. App'x 643 (9th Cir. 2015) (collecting cases in which federal courts found no federal question arising from meritless § 1983 claims).

But even if Harvey's § 1983 claim could confer jurisdiction, I would still decline to exercise supplemental jurisdiction over his state-law claims. Those claims raise novel interpretations of state statutes and would substantially predominate over the nonexistent federal questions in this case.[36] And I conclude that this is an exceptional circumstance that supports declining supplemental jurisdiction. So I dismiss Harvey's state-law claims against U.S. Bank for lack of subject-matter jurisdiction under 28 U.S.C. § 1367, without prejudice to Harvey's ability to refile those claims in state court.

**C.    Harvey's request for leave to amend is denied because amendment would be futile.**

In his response brief, Harvey requests "leave to amend the Complaint if this Court finds any deficiencies."[37] U.S. Bank opposes the request because leave to amend would not cure the "core legal defects" in the complaint and would only "prolong the litigation and burden the Court and Defendant with more meritless filings."[38] While a court must "grant leave to amend freely when justice so requires,"[39] leave to amend should be withheld if the deficiencies cannot be cured and further amendments would be futile.[40]

Further amendment is futile here because Harvey cannot cure the defect in his federal claim. No plausible amendment would transform Torrent Leasing or U.S. Bank into state actors needed for a proper § 1983 claim. Harvey offhandedly mentions a federal 42 U.S.C. § 1985(3) claim and a "federal banking law" claim for the first time in his response brief.[41] Besides being

---

[36] ECF No. 9 at 4 (referencing Nev. R. Stat. §§ 17.330, 21.090, and 21.112).

[37] ECF No. 30 at 29.

[38] ECF No. 23 at 4.

[39] *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (cleaned up).

[40] *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

[41] *See* ECF No. 30 at 7, 26.

procedurally improper,[42] amendment to add such federal claims would also be futile.  A

§ 1985(3) claim requires a conspiracy or agreement to deprive the plaintiff of his constitutional

rights.[43]  Appearing in a typical court proceeding does not support an inference of a conspiracy,

and Harvey has identified no facts that could even come close to supporting such a claim.  The

statutes that Harvey cites in support of his "federal banking law" claim do not give rise to a

private cause of action,[44] so he could not plead a plausible claim under that theory either.

Harvey similarly cannot cure the jurisdictional problems with his state-law claims.

Without federal-question and supplemental jurisdiction, the only viable basis for jurisdiction

would be diversity.  Diversity jurisdiction requires an amount in controversy exceeding

$75,000,[45] and "the sum claimed by the plaintiff controls unless it appears to a legal certainty

that the claim is really for less than the jurisdictional amount."[46]  Although Harvey's complaint

alleges $5,000,000 in damages,[47] stripped of puffery and conclusory labels, this is fundamentally

---

[42] This district's Local Rule 15-1(a) requires a party seeking to amend his pleading to attach a copy of the proposed amended pleading to his motion for leave to amend.  This rule applies to unrepresented parties as well as those with counsel.  *See, e.g.*, *Maluf v. Bergelectric Corp.*, 2023 WL 11827166, at *1 (D. Nev. Apr. 26, 2023).

[43] *See* 42 U.S.C. § 1985(c); *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998) (noting that a § 1985(3) claim requires "the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws"); *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1171 (9th Cir. 2021) ("§ 1985(3) provides a cause of action if two or more persons conspire to deprive an individual of his constitutional rights.").

[44] *See, e.g.*, *Goziker v. Wells Fargo Bank, N.A.*, 2023 WL 8872294, at *7 (C.D. Cal. Oct. 17, 2023) ("Courts have held that 12 U.S.C. § 5531, a statute under which the Consumer Financial Protection Bureau may bring a cause of action, does not provide a right of action for a private plaintiff."); *Friess v. Mortg. L. Firm PC*, 2025 WL 2676089, at *6 (D. Ariz. Sept. 18, 2025) ("12 U.S.C. §§ 5552(a)(1), 5531 & 5536(a) . . . do not create a cause of action.").

[45] *See, e.g.*, *Rosenwald*, 152 F.4th at 1173 (citing 28 U.S.C. § 1332(a)).

[46] *Id.* at 1176.

[47] ECF No. 9 at 5–6.  He entirely attributes this amount to his defunct federal claims in his response brief, however.  ECF No. 30 at 30.

a dispute over a $19,647.48 garnishment.[48]  Because the amount in controversy falls well short

of the jurisdictional threshold, any amendment to allege diversity jurisdiction would be futile.  So

I deny Harvey's request to amend.[49]

**D.    The remaining claims against Torrent Leasing are also dismissed and the clerk's entry of default is set aside.**

Torrent Leasing never appeared in this action.  So only U.S. Bank moved to dismiss.  But

a district court "may properly on its own motion dismiss an action as to defendants who have not

moved to dismiss where such defendants are in a position similar to that of moving

defendants."[50]  Because Torrent Leasing is also a private actor and is thus in a similar position as

U.S. Bank, I dismiss Harvey's § 1983 claim against Torrent Leasing.  I also dismiss without

prejudice the remaining state-law claims against Torrent Leasing for lack of subject-matter

jurisdiction under 28 U.S.C. § 1367.

The clerk also entered default against Torrent Leasing.[51]  Under Federal Rule of Civil

Procedure 55(c), "[t]he court may set aside an entry of default for good cause."  Because the

court lacked subject-matter jurisdiction over Harvey's claims, I find good cause and vacate the

entry of default against Torrent Leasing.[52]

---

[48] ECF No. 9-2 at 34.

[49] I also deny as moot U.S. Bank's motion to stay the case.  ECF No. 17.

[50] *Silverton v. U.S. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981).

[51] ECF No. 34.

[52] *See, e.g.*, *Watts v. Pinckney*, 752 F.2d 406, 410 (9th Cir. 1985) (quoting *Jordan v. Gilligan,* 500 F.2d 701, 704 (6th Cir. 1974)) (holding that a judgment entered without subject-matter jurisdiction "is a legal nullity and a court considering a motion to vacate has no discretion in determining whether it should be set aside"); *see also Poulson v. Bank of Am., N.A.*, 675 F. App'x 650, 651 (9th Cir. 2017) ("The district court did not abuse its discretion in sua sponte setting aside the Clerk's entry of default.").

**E.      The parties are cautioned that using generative AI tools like ChatGPT may result in sanctions.**

As a final note, U.S. Bank has pointed to several cases cited in Harvey's brief that are incorrectly cited or are misquoted.[53]  For example, Harvey cited to *Flangas v. Perfekt Marketing*, but the citation he included corresponds instead to *Lawrence v. Clark County*,[54] and he included a fake quote from the since-overruled Seventh Circuit decision *Nesses v. Shepard*.[55]  Incidents of fake authority cited in briefs have skyrocketed recently, and the use of generative AI software like ChatGPT to conduct legal research and write briefs is often to blame.  While AI tools can be useful, and this court does not prohibit litigants from using them, those services pull information from across the web—including from unreliable sources—and may hallucinate (or make up fake) legal authority.

When an unrepresented litigant or attorney signs any filing before this court, he certifies that "the claims, defenses, and other legal contentions are warranted by existing law."[56]  Using AI to research and write briefs may violate this rule if hallucinated or inaccurate legal citations are used to support arguments.  Parties must verify that the authorities they cite are accurate and real before presenting them to a court.  There may be consequences, including sanctions, for the continued reliance on inaccurate or fake authority in legal briefs.

---

[53] ECF No. 32 at 3.

[54] *Lawrence v. Clark County*, 254 P.3d 606 (Nev. 2011).

[55] ECF No. 30 at 4, 8 (citing *Nesses v. Shepard*, 68 F.3d 1003, 1004 (7th Cir. 1995)).

[56] Fed. R. Civ. P. 11(b)(2).

**Conclusion**

IT IS THEREFORE ORDERED that U.S. Bank's motion to dismiss **[ECF No. 23] is GRANTED**, and U.S. Bank's motion to stay the case **[ECF No. 17] is DENIED** as moot. Harvey's § 1983 claim is **DISMISSED** with prejudice, and the remaining state-law claims are **DISMISSED** under 28 U.S.C. § 1367 without prejudice to his ability to refile those claims in state court. The Clerk of the Court's July 29, 2025, entry of default as to defendant Torrent Leasing **[ECF No. 34]** is **VACATED**. The Clerk of Court is directed to **ENTER JUDGMENT** in favor of the defendants and against the plaintiff and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
December 15, 2025