**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

John Harvey,

      Plaintiff

v.

Torrent Leasing, Inc. and U.S. Bank, N.A.,

      Defendant

Case No.: 2:25-cv-00824-JAD-DJA

**Order Denying Motion to Alter or Amend Judgment**

[ECF No. 47]

John Harvey sued Torrent Leasing Inc. and U.S. Bank, N.A. under 42 U.S.C. § 1983 to stop them from garnishing his Nevada-based bank account to satisfy an Illinois state-court judgment.[1]  I dismissed his § 1983 claim without leave to amend because Harvey could not plausibly allege that Torrent Leasing and U.S. Bank were state actors, a necessary predicate for a claim based on § 1983.[2]  Harvey moves for reconsideration under Federal Rule of Civil Procedure 59(e), contending that § 1983 claims are not limited to state actors but those operating under the color of state law and this case falls into the very narrow gap between those terms.[3]

"Rule 59(e) permits a district court to reconsider and amend a previous order," but "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."[4]  A motion for reconsideration should be granted only if "the district court is presented with newly discovered evidence, committed clear error, or if there is an

---

[1] *See generally* ECF No. 9.

[2] *See generally* ECF No. 44.

[3] ECF Nos. 47, 52.

[4] *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (cleaned up).

intervening change in the controlling law."[5]  But a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."[6]

Harvey theorizes that leave to amend was not futile here and reconsideration is thus warranted because Torrent acted under color of state law by using state seizure procedures, and U.S. Bank willfully participated in the constitutional violations.[7]  Harvey supports his theory with the United States Supreme Court's decision in *Lugar v. Edmondson Oil Co.*,[8] which he characterizes as holding "that constitutional due-process constraints apply to attachment/garnishment procedures when state officers act jointly with a private creditor in securing the property."[9]  And because Torrent seized his property without "domestic[izing]" the judgment in Nevada and "U.S. Bank acted jointly with state officers to seize exempt property and then used that seizure as leverage, *Lugar* mandates that this conduct be analyzed as state action."[10]

But this does not meet the standard for reconsideration.  The Supreme Court decided *Lugar* more than four decades ago, so Harvey could've raised it earlier and it hasn't qualified as an intervening change in the controlling law since the Reagan Administration.[11]  Nor does *Lugar* show that the order dismissing his case was clearly erroneous.  In *Lugar*, the United States

---

[5] *Id.*

[6] *Id.*

[7] ECF No. 47 at 3.

[8] *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982).

[9] ECF No. 52 at 3.

[10] *Id.* at 3–5.

[11] *Lugar*, 457 U.S. at 922.

Supreme Court held that a private creditor acted under color of state law because it used a prejudgment-attachment system that allowed creditors to seize property based solely on a creditor's ex parte petition to a court clerk.[12]  The Court reasoned that "[w]hile private misuse of a state statute does not describe conduct that can be attributed to the State, the procedural scheme created by the statute obviously is the product of state action" and use of that statute "is subject to constitutional restraints and properly may be addressed in a § 1983 action."[13]  So the High Court allowed a constitutional challenge to that attachment statute brought under § 1983 against the creditor to proceed.

But *Lugar* limited its own reach by noting that it did "not hold . . . that a private party's mere invocation of state legal procedures constitutes joint participation or conspiracy with state officials satisfying the § 1983 requirement of action under color of law," and the holding of *Lugar* "is limited to the particular context of prejudgment attachment."[14]  As the High Court later noted in *American Manufacturers Mutual Insurance Co. v. Sullivan*, its decision in *Lugar* "must not be torn from the context out of which it arose," and the *Sullivan* court held that a private party did not act under color of state law if there was "no effort by petitioners to seize the property of respondents by an *ex parte* application to a state official."[15]  Similarly, the Circuit Courts of Appeals have generally not extended *Lugar* beyond the context of an ex parte prejudgment attachment statute.[16]  Harvey does not allege that this is a case involving an ex parte

---

[12] *Id.* at 936–42.

[13] *Id.* at 941.

[14] *Id.* at 939 n.21 (cleaned up).

[15] *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 58 (1999) (cleaned up).

[16] *See, e.g.*, *Mitchell v. Bank of New York Mellon*, 835 F. App'x 318, 324 (10th Cir. 2020) ("By its own terms, *Lugar* is limited to its factual context—cases involving prejudgment property deprivations . . . . The Supreme Court has reaffirmed that *Lugar* is inapplicable beyond *ex parte* prejudgment proceedings."); *Hines v. Langhenry*, 462 F. App'x 500, 504 (6th Cir. 2011) ("As the

prejudgment seizure of property, rather the only purported procedural issue he points to is the alleged failure to "domestic[ize]" the judgment.[17]  So I deny Harvey's request for reconsideration because it does not meet the relevant requirements and the order dismissing his case was not clearly erroneous.

**IT IS THEREFORE ORDERED that Harvey's motion to alter or amend judgment [ECF No. 47] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
April 7, 2026

---

district court correctly noted, courts have declined to extend the "joint action" test articulated in _Lugar_ . . . outside the context of challenged prejudgment attachment or garnishment proceedings.").

[17] _See_ ECF No. 47 at 22.